**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

**HEIFERMAN & ASSOCIATES, PLLC**
Justin L. Heiferman
136-20 38th Ave. Suite 3A1-105
Flushing, New York 11354
(718) 888-9545
Justin@heifermanlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHUN ZHI JIN,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **COMPLAINT** |
| -against- |  | **FLSA COLLECTIVE ACTION** |

I PLAZA NAIL AND SPA, INC. and I PLAZA
NEW YORK, INC., d/b/a I-PLAZA NAIL & SPA,
IPLAZA SPA INC., d/b/a SALON M TRIBECA and
SALON M-UPPER WEST and IPLAZA NORTH MOORE
INC., d/b/a PLAZA M and HELEN SONG and
MINHAO SONG, individually

Defendants.

------------------------------------------------------------------------X

Plaintiff Chun Zhi Jin ("Jin" or "Plaintiff") on behalf of himself and others similarly situated, by and through his attorneys, Jacob Aronauer of The Law Offices of Jacob Aronauer and Justin Heiferman of Heiferman & Associates, PLLC complaining of I Plaza Nail and Spa, Inc. and I Plaza New York, Inc., d/b/a I-Plaza Nail & Spa, IPlaza Spa Inc. d/b/a Salon M Tribeca and Salon M-Upper West and IPlaza North Moore, Inc., d/b/a Plaza M, and Helen Song and Minhao Song, individually (collectively herein the "Defendants") allege the following:

## **NATURE OF THE ACTION**

1. This is a civil action brought by Plaintiff and all similarly situated manicurists, pedicurists, and massage therapists to recover unpaid minimum wages, overtime compensation, and earned wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked at the spas/salons controlled and operated by the mother son team of Defendants Helen Song and Minhao Song, respectively (collectively herein the "the Songs").

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at I-Plaza Nail & Spa, Salon M Tribeca, Salon M-Upper West, and Plaza M, which are located in Tribeca and the Upper West Side in New York, NY.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff also brings this action due to Defendants' unlawful retention of Plaintiff's gratuities in violation of § 195 of the NYLL.

5. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay minimum wages, overtime wages, and earned wages, and liquidated damages, compensatory

damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

**PARTIES**

**Plaintiff**

9. Jin is an adult individual residing in Flushing, New York.

10. Jin worked at I-Plaza Nail & Spa and Plaza M from on or about August 1, 2016 through April 23, 2017.

11. Jin worked primarily as a manicurist and pedicurist at I Plaza Nail & Spa and Plaza M.

12. Jin was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

13. I Plaza Nail and Spa, Inc., and I Plaza New York, Inc., d/b/a I-Plaza Nail & Spa, are New York corporations with their principal places of business located at 387 Greenwich St. in Tribeca, New York.

14. At all times relevant to this action, I-Plaza Nail & Spa was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. On information and belief, I-Plaza Nail & Spa has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working

3

on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00

16. On information and belief, for approximately the last 8 years, Defendant Helen Song has owned and maintained control, oversight and the direction of I-Plaza Nail & Spa.

17. IPlaza Spa Inc., d/b/a Salon M Tribeca and Salon M-Upper West is a New York corporation with its principal places of business located at 475 Greenwich St. in Tribeca, New York and 400 W. 63rd St. in New York, New York.

18. At all times relevant to this action, Salon M Tribeca and Salon M-Upper West were "enterprise[s] engaged in interstate commerce" within the meaning of the FLSA.

19. On information and belief, Salon M Tribeca and Salon M-Upper West have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

20. On information and belief, for approximately the last 8 years, the Songs have owned and maintained control, oversight and the direction of Salon M Tribeca and Salon M-Upper West.

21. IPlaza North Moore, Inc. d/b/a Plaza M is a New York corporation with its principal places of business located at 64 N. Moore St. in Tribeca, New York.

22. At all times relevant to this action, Plaza M was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23. On information and belief, Plaza M has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

24. On information and belief, for approximately the last 8 years, Defendant Minhao Song has owned and maintained control, oversight and the direction of Plaza M.

25. Defendant Helen Song is a person engaged in business in New York County who is sued individually in her capacity as an owner, officer, and agent of I-Plaza Nail & Spa, Salon M Tribeca, Salon M-Upper West and Plaza M.  Defendant Helen Song exercised sufficient control over these corporate entities to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at I-Plaza Nail & Spa, Salon M Tribeca, Salon M-Upper West and Plaza M.

26. Defendant Minhao Song is a person engaged in business in New York County who is sued individually in his capacity as an owner, officer, and agent of I-Plaza Nail & Spa, Salon M Tribeca, Salon M-Upper West, and Plaza M.  Defendant Minhao Song exercised sufficient control over these corporate entities to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at I-Plaza Nail & Spa, Salon M Tribeca, Salon M-Upper West and Plaza M.

## COLLECTIVE ACTION ALLEGATIONS

27. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons (manicurists, pedicurists, and massage therapists) who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of approximately thirty (30) similarly situated current and former manicurists, pedicurists, and massage therapists at I-Plaza Nails & Spa, Salon M Tribeca, Salon M-Upper West and Plaza M who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

29. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

32. The positions of manicurists, pedicurists and massage therapists are not exempt and have never been exempt. Manicurists, pedicurists, and massage therapists, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

33. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

34. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

35. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

36. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

### Plaza M Spas

37. According to their website, Plaza M spas operate in four locations, all in Manhattan: Plaza M at 64 N. Moore St.; I-Plaza Nail & Spa at 387 Greenwich St.; Salon M Tribeca at 475 Greenwich St.; and Salon M-Upper West at 400 W. 63rd St.

38. Plaza M runs their four spas as one single integrated enterprise.

39. As a result, employees of the Songs are assigned to work at multiple nail salons.

### I-Plaza Nail & Spa

40. I-Plaza Nail & Spa is a nail salon and spa located at 387 Greenwich St. in Tribeca. I-Plaza Nail & Spa is listed as one of four locations of "Plaza M" spas on the Plaza M website. I-Plaza Nail & Spa offers services such as manicures, pedicures, and massages.

41. I-Plaza Nail & Spa is open seven days a week: Monday through Saturday from 10:00 a.m. to 8:00 p.m., and on Sunday from 10:30 a.m. to 7:00 p.m.

### Salon M Tribeca

42. Salon M Tribeca is a nail salon and spa located at 475 Greenwich St. in Tribeca. Salon M Tribeca is listed as one of four locations of "Plaza M" spas on the Plaza M website. Salon M Tribeca offers services such as manicures, pedicures, and massages.

43. Salon M Tribeca is open seven days a week: Monday through Saturday from 10:00 a.m. to 8:00 p.m., and on Sunday from 10:30 a.m. to 7:00 p.m.

**Salon M-Upper West**

44. Salon M-Upper West is a nail salon and spa located at 400 W. 63rd St. in the Upper West Side. Salon M-Upper West is listed as one of four locations of "Plaza M" spas on the Plaza M website. Salon M-Upper West offers services such as manicures, pedicures, and massages.

45. Salon M-Upper West is open seven days a week: Monday through Saturday from 10:00 a.m. to 8:00 p.m., and on Sunday from 10:30 a.m. to 7:00 p.m.

**Plaza M**

46. Plaza M is a nail salon and spa located at 64 N. Moore St. in Tribeca. Plaza M West is listed as one of four locations of "Plaza M" spas on the Plaza M website. Plaza M offers services such as manicures, pedicures, and massages.

47. Plaza M is open seven days a week: Monday through Saturday from 10:00 a.m. to 8:00 p.m., and on Sunday from 10:30 a.m. to 7:00 p.m.

**Plaintiff's Employment at the Plaza M Spas**

48. As previously noted, Plaintiff worked at I-Plaza Nail & Spa and Plaza M from on or about August 1, 2016 through April 23, 2017.

49. Defendant Minhao Song interviewed and hired Plaintiff at the Plaza M nail salon and spa, located at 64 N. Moore St.

50. After being hired, Plaintiff worked primarily at I-Plaza Nail & Spa, located at 387 Greenwich St.

51. While working at I-Plaza Nail & Spa, Plaintiff was managed directly Defendant Helen Song.

52. Plaintiff also worked occasionally at the Plaza M spa and salon.

53. While working at Plaza M, Plaintiff was managed directly by Defendant Minhao Song.

54. As a manicurist and pedicurist for Defendants, Plaintiff would serve the patrons of I-Plaza Nail & Spa and Plaza M.

55. Plaintiff also engaged in prep and clean-up work. This prep work took approximately thirty minutes each day.

56. Throughout Plaintiff's employment, Defendants did not require Plaintiff to "clock in" or use or any computerized time track method with respect to monitoring his hours.

**Defendants Were Not Entitled
to Utilize Tip Credits Toward Plaintiff**

57. As set forth in more detail below, Plaintiff was frequently paid an hourly rate that was lower than the New York State minimum wage.

58. Defendants were not entitled to utilize the NYLL tip credit against Plaintiff's salary.

59. When Defendants paid Plaintiff, they did not provide Plaintiff with any documentation as to his rate of pay or include any deductions on his paystub under the NYLL tip credit law even though the NYLL § 195 requires an employee's weekly wage statement to set forth any allowances being applied to Plaintiff's pay.

60. Defendants were also not permitted to take the tip deduction because the Songs took Plaintiff's tips for themselves. Specifically, each week the  Songs unlawfully withheld $250 in tips each week earned by Plaintiff, even though the the Songs were not eligible to receive tips.

**Plaintiff's Work Schedule**
**and Salary at the Plaza M Spas**

61. Throughout his employment, Plaintiff worked between 5 and 6 days a week on behalf of Defendants at I-Plaza Nail & Spa and Plaza M.

62. Plaintiff started work approximately 30 minutes before the salons opened, and would stop working when the salons closed each day.

63. When Plaintiff worked on Monday, Tuesday, Wednesday, Thursday, Friday, or Saturday, he worked approximately 10.5 hours each day.

64. When Plaintiff worked on Sunday, he worked approximately 9 hours.

65. Defendants did not provide Plaintiff with spread-of-hours pay when he was assigned to work more than ten hours.

66. While Plaintiff was nominally allowed to receive one 30-minute meal break per day, in reality Plaintiff (as well as all other employees) were only able to take one break of approximately 15 minutes per day.

67. Plaintiff worked more than 40 hours per week throughout his employment with Defendants.

68. For the few weeks of Plaintiff's employment with Defendants, he received a daily salary of $90 per day.

69. Approximately one month into Plaintiff's employment with Defendants, he began to receive a daily salary of $85 per day.

70. Several months later, Plaintiff began to receive a daily salary of $80 per day.

71. Due to the fact that Defendants unlawfully deducted $250 from the tips earned by Plaintiff each week, Plaintiff was often paid less than the NY State minimum wage.

72. Throughout Plaintiff's employment with Defendants, each week he was not paid time and one half for all work performed after 40 hours.

**Plaintiff is a Victim of an Unlawful**
**Retaliatory Termination at Plaza M Spas**

73. In April 2017, Plaintiff complained to Helon Song that Defendants were unlawfully withholding his tips from his weekly pay.

74. By complaining about Defendants' unlawful tip withholdings, Plaintiff engaged in protected activity under the NYLL.

75. In response to Plaintiff's protected activity, namely complaining about Defendants unlawful tip withholdings, Defendant Helen Song immediately retaliated against Plaintiff by unlawfully firing Plaintiff.

**Defendants' Violations of the Wage Theft Protection Act**

76. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

77. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

78. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

79. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

81. At all times relevant, Plaintiff and the members of the FLSA Collective Plaintiffs were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff and the FLSA Collective Plaintiffs.

82. Defendants were required to pay directly to Plaintiff and the FLSA Collective Plaintiffs the applicable federal minimum wage rate for all hours worked.

83. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

84. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

85. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. 201 *et seq*.

86. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 U.S.C. 201 et seq.

**SECOND CAUSE OF ACTION**
**New York Labor Law—Minimum Wage**
**(Brought on behalf of Plaintiff)**

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

89. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90. At all times relevant, Plaintiff has been covered by the NYLL.

91. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

92. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

93. Defendants were required to pay Plaintiff the non-tipped minimum wage for all hours worked from under the NYLL 650 et seq. and the supporting New York State Department of Labor Regulations.

94. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

95. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

96. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

98. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

99. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

100. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

101. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

102. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**FOURTH CAUSE OF ACTION**
**New York Labor Law-Unpaid Overtime**
**(Brought on behalf of Plaintiff)**

103. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

104. Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

105. Defendants failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

106. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully

violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

107.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law- Spread-of-Hours Pay**
**<u>(Brought on behalf of Plaintiff)</u>**

108.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109.     At times, Plaintiff worked more than ten hours in a workday.

110.     Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

111.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

112.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**<u>(Brought on behalf of Plaintiff)</u>**

113.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

115.    Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

116.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### SEVENTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements
### <u>(Brought on behalf of Plaintiff)</u>

117.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.     Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

119.     Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

120.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff are entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiffs and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### EIGHTH CAUSE OF ACTION
### NYLL-Illegal Deductions from Gratuities
### (Brought on behalf of Plaintiff)

121.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

122.     Defendants retained gratuities paid by their customers and illegally required Plaintiff to share gratuities with the Songs.

123. Plaintiff seeks damages in the amount of his respective withheld gratuities, liquidated damages, pre and post judgment interest attorneys' fees and such other legal and equitable relief as this Court deems just and proper.

## NINTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of NYLL § 215(1)(A)
### (Against Defendant Helen Song)

124. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

125. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because (i) because such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

126. Defendants violated the NYLL by terminating Plaintiff's employment when he complained that his tips were being unlawfully withheld.

127. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

128. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, the Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

129.    By the foregoing reasons, Plaintiffs seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, I Plaza Nail and Spa, Inc. and I Plaza New York, Inc., d/b/a I-Plaza Nail & Spa, IPlaza Spa Inc. d/b/a Salon M Tribeca and Salon M-Upper West and IPlaza North Moore, Inc., d/b/a Plaza M, and Helen Song and Minhao Song, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid minimum wages, overtime wages, and spread-of-hours pay and due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiffs and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(f) Damages for unlawful retention of tips and gratuities as provided for by NYLL, Article 6, § 198.

(g) For prejudgment interest on the foregoing amounts;

(h) For the costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: April 28, 2017
New York, New York

Respectfully submitted,

**THE LAW OFFICES OF JACOB ARONAUER**

*/s/ Jacob Aronauer*
Jacob Aronauer
225 Broadway, Suite 307
New York, NY 100017
(212) 323-6980
jaronauer@aronauerlaw.com

**HEIFERMAN & ASSOCIATES, PLLC**

*/s/ Justin Heiferman*
Justin L. Heiferman
136-20 38th Ave. Suite 3A1-105
Flushing, New York 11354
(718) 888-9545
Justin@heifermanlaw.com

*Attorneys for Plaintiff*