# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/17

## JACOB ARONAUER, ESQ.

Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

September 1, 2017

**Via ECF and Regular Mail**
Hon. Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:  Jin v. I Plaza Nail and Spa, Inc.
>       17-cv-03127 (VEC)

Dear Judge Caproni:

The parties' settlement agreement is approved as fair and reasonable pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). In addition, Plaintiff's requested attorney's fees are reasonable in light of the work expended to resolve this matter. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

9/13/17

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Plaintiff Chun Zin Jin ("Plaintiff") and Defendants I Plaza Nail and Spa, Inc., I plaza New York, Inc. and I Plaza North Moore Inc. and Helen Song and Minhao Song, individually (collectively the "Plaza Defendants") jointly request that your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as Exhibit A.

Plaintiff sued for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL"). Plaintiff also sought statutory damages based on the Plaza Defendants alleged failure to provide certain notices that are required under the NYLL. Plaintiff also claimed that Defendants unlawfully withheld tips that he received for providing patrons massages. The Plaza Defendants claim that Plaintiff at all times was paid all the amounts that were due and that their actions fully complied with federal and state law.

There were a number of hotly contested issues. Plaintiff claims he was paid a daily salary that was not inclusive of overtime. The Plaza Defendants deny all of Plaintiff's allegations of unlawful practices and policies. Furthermore, the Plaza Defendants maintained that Plaintiff's assertion of the number of overtime hours worked were highly inflated. The Plaza Defendants also maintained that the Plaintiff was not entitled to any liquidated damages in the event that the Court found he was not paid any overtime. The Plaza Defendants further maintained that they had records in support of the fact that he was paid correctly and that they did not unlawfully withhold any of his tips.

Plaintiff believes that if he were to prevail on all of his claims, his unpaid wages, exclusive of liquidated damages and attorney fees, would total approximately $22,000.00. If the Plaza Defendants prevailed on just their stronger defenses, Plaintiff would not be

entitled to any recovery. The gross settlement amount is $23,500.00. The settlement monies will be paid out over 4 months and will be secured by an affidavit of confession of judgment by all Defendants for double the amount of the settlement agreement.

The settlement agreement provides that this amount will be allocated as follows: Plaintiff will receive $14,536.00 and (2) Plaintiff's counsel will receive $7,964.00. The foregoing settlement was reached after settlement discussions following the filing and serving of the complaint, exchange of relevant documents and a successful mediation session held before Ms. Leona Beane, Esq. Plaintiff's counsel will receive one third of the settlement proceeds plus reimbursement of court costs totaling $465.00.

The attorney fees in this case are $15,100.[1] Under the lodestar method, the request of attorney fees and expenses in the amount of $7,964.00 is reasonable. Upon review of the attorney fees' expended, one-third fee arrangements in FLSA settlement cases are "routinely approved by courts in this Circuit." *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at * 1 (E.D.N.Y. SEPT. 19, 2013); *see also Wepnping Wang v. Masago Neo Asian Inc.*, 2016 U.S. Dist. LEXIS 132997, at ** 8-10 (E.D.N.Y. Sept. 26, 2010).

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of his hours worked is sufficient to prove the hours that he worked and the wages that he received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to her claimed hours.

The settlement provides, with certainty, that Plaintiff will receive all of his unpaid wages and some of his liquidated damages. If the Defendants' strongest defenses are given credence, Plaintiff would recover significantly less than his claimed unpaid wages—if any. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence available, this range of recovery is reasonable.

---

[1] Declarations of Jacob Aronauer and Justin Heiferman, along with their respective law firms' attorney fees expended in this matter, are annexed hereto as Exhibit B.

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

Jacob Aronauer
Justin Heiferman
*Attorneys for Plaintiff*

cc: **Via ECF**
   Mr. Alex Granovsky, Esq.
   Granovsky & Sundaresh PLLC
   48 Wall Street, 11th Floor
   New York, NY 10005
   *Attorney for Defendants*

3

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN ZHI JIN, | : |
| Plaintiff | : Civil Action No.: 17 Civ. 3127 (VEC) |
| v. | : |
| I PLAZA NAIL AND SPA, INC., and I PLAZA NEW YORK, INC., d/b/a I-PLAZA NAIL & SPA, IPLAZA SPA, INC., d/b/a SALON M TRIBECA and SALON M-UPPER WEST and IPLAZA NORTH MOORE INC., d/b/a PLAZA M and HELEN SONG and MINHAO SONG, Individually | : |
| Defendants. | : |

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, Chun Zhi Jin ("Plaintiff") commenced an action against I Plaza Nail and Spa, Inc., (d/b/a I-Plaza Nail & Spa[1]), IPlaza Spa, Inc. (d/b/a Salon M Tribeca and Salon M-Upper West) and IPlaza North Moore, Inc. (d/b/a Plaza M), Helen Song and Minhao Song (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about April 28, 2017, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Docket 17-cv-3127 (VEC) (hereinafter, the "Action") alleging unlawful employment practices;

**WHEREAS**, Defendants moved to dismiss the complaint on or about June 6, 2017, and have contended that Plaintiff's allegations are unfounded and lack merit;

---

[1] The Complaint purports to seek an action against "I Plaza New York, Inc." as well. No such entity exists. I Plaza Nail & Spa is a d/b/a of I Plaza Nail and Spa, Inc.

WHEREAS, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all claims that a Plaintiff has, had, or may have against any other, by way of this Settlement and Release Agreement ("Agreement");

WHEREAS, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of the total gross sum of Twenty Three Thousand Five Hundred Dollars and Zero Cents ($23,500.00) (USD) (hereinafter, the "Settlement Amount"), Plaintiff, for himself, his heirs, executors, administrators, successors and assigns and anyone who has or obtains any legal rights or claims through him, forever waive, generally release, and fully discharge Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, their successors and assigns, and their past and present directors, officers, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy (including, but not limited to, Defendant Helen Song and Defendant Minho Song), in both their individual and representative capacities and each of them (collectively, with Defendants, "Releasees"), of and from any and all claims that were and/or could have been brought in this Action, including, but not

2

limited, to any claims brought under the Fair Labor Standards Act and New York Labor Law and supporting New York regulations ("Released Claims") and any claims arising out of the employment relationship between any of the Plaintiff and any of the Releasees.

2. Within seven (7) days of the date counsel for Defendants receive: (i) this Agreement, fully executed and signed by Plaintiff, the Parties will submit this Agreement to the Court for approval.

3. Provided that the Settlement Agreement is approved by the Court, the Settlement Amount shall be paid as follows:

      (a) On the later of (a) September 1, 2017 or (b) seven (7) days after the Court So-Orders the Stipulation, Defendants will deliver one check made out to "Chun Zhi Jin" in the amount of Three Thousand Four Hundred Fifty One Dollars and Sixty Six Cents ($3,451.66); one check made out to "The Law Offices of Jacob Aronauer" in the amount of One Thousand Four Hundred Forty Four Dollars and Seventeen Cents ($1,444.17); and one check made out to "Heiferman & Associates, PLLC" in the amount of Nine Hundred Seventy Nine Dollars and Seventeen Cents ($979.17). Within thirty (30) days of the first payment, Defendants shall make three additional monthly installments as follows:

         i. One check made out to "Chun Zhi Jin" in the amount of Three Thousand Nine Hundred Sixteen Dollars and Sixty Six Cents ($3,916.66); one check made out to "The Law Offices of Jacob Aronauer" in the amount of Nine Hundred Seventy Nine Dollars and Seventeen Cents ($979.17); and one check made out to "Heiferman &

3

Associates, PLLC" in the amount of Nine Hundred Seventy Nine Dollars and Seventeen Cents ($979.17).

4. All payments set forth above shall be delivered to or mailed to the attention of Plaintiff's counsel, The Law Offices of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, New York 10007 .

5. Concurrently with the execution of this Agreement, Defendants shall execute the Affidavits of Confession of Judgment in the form attached hereto as Exhibit B. Defendants shall provide Plaintiff's counsel with an executed Affidavit of Confession of Judgment bearing an original signature. The Affidavit of Confession of Judgment will be held in escrow by Plaintiff's counsel. In the event Defendants are in default of any of the payments required under Paragraph 3 of this Agreement, Plaintiff shall provide ten (10) calendar days' written notice to Defendants' counsel (as defined below) of their intent to file the Affidavits of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against each of them, declaring Forty Seven Thousand Dollars and Zero Cents ($47,000.00) immediately due and payable, including the applicable federal post-judgment interest at the time of filing, as well as reasonable attorneys' fees and costs incurred in connection with any legal proceeding to collect that portion of the Settlement Amount which has not yet been paid, less any payments already made by Defendants pursuant to this Agreement. Defendants will have seven (7) calendar days from the receipt of said notice of default to remedy their default before Plaintiff files the Affidavit of Confession of Judgment. If Plaintiff files the Affidavit of Confession of Judgment, Defendants shall be entitled to a set-off of any amounts already paid by Defendants under this Agreement.

4

In the event that any payments described in Paragraph 3 are not received by Plaintiff's

counsel by the dates set forth above, Plaintiff's counsel shall notify Defendants' counsel,

Alex Granovsky, Esq., via email at, ag@g-s-law.com.

6. Taxes.

    a.   Plaintiff's counsel has provided to Defendants all appropriate IRS tax forms to assist with the issuance of the Settlement Amount.

    b.   Plaintiff understands and agrees he is receiving gross sums under this Agreement and Defendants are not withholding federal, state or local income taxes, FICA, FUTA, Social Security, Medicare or other payroll withholding, and Plaintiff therefore agrees to pay and assume full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state or local laws of any kind, with respect to the monies to be paid to Plaintiff pursuant to this Agreement. Plaintiff further agrees to indemnify and hold Defendants harmless from and against any and all liability for not withholding the foregoing tax items from the payments, including nay penalties or interest, and also to pay their costs and expenses including, without limitation, attorneys' fees, incurred if such a claim or proceeding is made, assessed or brought against either of them.

7. Upon and subject to Plaintiff's compliance in full of his obligations under the terms of this agreement, Defendants hereby irrevocably and unconditionally release and forever discharge Plaintiff.

8. Upon full payment by Defendants, the parties agree: (1) to dismiss the Litigation with prejudice by filing a stipulation in the form annexed hereto; and (2) not to re-file these causes of action, or any other causes of action against Defendants for any claims whatsoever.

9. Except as set forth herein, this Agreement shall not be cited in any matter for any purposes against Defendants, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit

plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.

10. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

11. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions or the payment of wages, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiff's claims or allegations have merit. In fact, Plaintiff acknowledges that Defendants explicitly refute and deny any claims of wrongdoing.

12. This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

13. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

14. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforcenbility of any other provision of this Agreement, which shall remain in full force and effect.

15. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

16. Governing Law and Venue: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. It is expressly understood between the parties that Judge Caproni in the Southern District of New York, United District Court will retain jurisdiction as to the enforcement of this Agreement. In the event that Judge Caproni is unable to hear any dispute, the parties consent to bring any dispute before a Magistrate Judge in the Southern District of New York.

17. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Alex Granovsky, Esq., Granovsky & Sundaresh, PLLC, 48 Wall Street, 11th Floor, New York, New York 10005, (646) 524-6001, facsimile (646) 417-5500, ag@g-s-law.com, and counsel for Plaintiff, The Law Offices of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, New York 10007, (212) 323-6980, jaronauer@aronauerlaw.com

and Heiferman & Associates, PLLC, 136-20 38th Ave. Suite 3A1-105, Flushing, New York 11354,

IN WITNESS WHEREOF, Plaintiff and Defendants, and their respective counsel, have duly executed this Settlement Agreement and Release freely and voluntarily.

Dated: _____, 2017

Law Offices of Jacob Aronauer

By: _____

Jacob Aronauer
225 Broadway, 3rd Floor

New York, New York 10007

(212) 323-6980
*Attorneys for Plaintiff*

Dated _____, 2017

By: _____
Justin L. Heiferman
Heiferman & Associates, PLLC
136-20 38th Ave. Suite 3A1-105
Flushing, New York 11354
*Attorneys for Plaintiff*

Dated: August 15, 2017

Granovsky & Sundaresh, LLP

By: _____

Alex Granovsky
48 Wall Street, 11th Floor
New York, NY 10005
(646) 524-6001

*Attorneys for Defendants*

_____
Chun Zhi Jin, *Plaintiff*

8

I Plaza Nail and Spa, Inc. (d/b/a I-Plaza Nail & Spa)

By: _HELEN SONG_ Title: _PRESIDENT_

Date: _8/14/17_

IPlaza Spa, Inc. (d/b/a Salon M Tribeca and Salon M-
Upper West)

By: _MIN KWANG SONG_ Title: _PRESIDENT_

Date: _8/14/19_

IPlaza North Moore, Inc. (d/b/a Plaza M)

By: _MIN HO SONG_ Title: _PRESIDENT_

Date: _8/14/19_

AGREED AND ACCEPTED:

Minho Song, Individually

9

Date: 8/14/17

Helen Song, Individually

Date: 8/14/17

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUN ZHI JIN,

      Plaintiff

      v.

I PLAZA NAIL AND SPA, INC., and I PLAZA
NEW YORK, INC., d/b/a I-PLAZA NAIL & SPA,
IPLAZA SPA, INC., d/b/a SALON M TRIBECA
and SALON M-UPPER WEST and IPLAZA
NORTH MOORE INC., d/b/a PLAZA M and
HELEN SONG and MINHO SONG,
Individually

      Defendants.

: Civil Action No.: 17 Civ. 3127

## STIPULATION OF VOLUNTARY DISMISSAL

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, or for retaliation for unpaid wages, including overtime pay for the period set forth in Plaintiff's Complaint or back pay or front pay related to or concerning that same period.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: _____ 2017

Dated: _Augu st_ _15_, 2017

1

Law Offices of Jacob Aronauer

Granovsky & Sundaresh, PLLC

By: _____

By _____

    Jacob Aronauer, Esq.
    225 Broadway, 3rd Floor

    New York, NY 10007

    (212) 323-6980
    *Attorneys for Plaintiff*

    Alex Granovsky, Esq.
    48 Wall Street, 11th Floor
    New York, NY 10005
    (646) 524-6001

    *Attorneys for Defendants*

SO-ORDERED

_____

Hon. Valerie E. Caproni, United States District Judge

2

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN ZHI JIN, | : |
| Plaintiff | : Civil Action No.: 17 Civ. 3127 |
| v. | : **STIPULATION** |
| I PLAZA NAIL AND SPA, INC., and I PLAZA NEW YORK, INC., d/b/a I-PLAZA NAIL & SPA, IPLAZA SPA, INC., d/b/a SALON M TRIBECA and SALON M-UPPER WEST and IPLAZA NORTH MOORE INC., d/b/a PLAZA M and HELEN SONG and MINHO SONG, Individually | : |
| Defendants. | : |

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK        )
                                            )    ss.:
COUNTY OF _____        )

Minho Song and Helen Song, being duly sworn, deposes and says:

1.     We are Defendants in the above-entitled action and officers of the corporate defendants, I Plaza Nail and Spa, Inc., I Plaza New York Inc., and Iplaza North Moore Inc..

2.     We currently reside in INSERT COUNTY AND INSERT STATE.

3.     We, defendants in the above-entitled action, on behalf of Defendants, as individuals, hereby confess judgment in this Court in favor of the Plaintiff, Chun Zhi Jin, for maximum sum of Forty-Seven Thousand and zero cents ($47,000) in accordance with the amicable resolution of an action between these parties pending in the United States District Court for the Southern District of new York bearing docket No. 17-cv-3127 (VEC) (the "Litigation") and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment

1

for that sum against 1 Plaza Nail and Spa, Inc., 1 Plaza New York Inc., and 1plaza North Moore Inc. and Minho Song and Helen Song, as individuals.

4.    I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me in the above-captioned action, involving Plaintiff's allegation of wage and hour violations.

5.    This is a judgment to be confessed for money due.

6.    In or around July 2017, Defendants agreed to pay the gross sum of Twenty Three Thousand Five Hundred Dollars and Zero Cents ($23,500.00) in exchange for the dismissal of the lawsuit with prejudice and the Parties executed a Settlement Agreement and Release (the "Agreement"), attached hereto as Exhibit A.

7.    Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of gross sum of Twenty Three Thousand Five Hundred Dollars and Zero Cents ($23,500.00), in four (4) equal installments.

8.    Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiff shall provide seven (7) calendar days' written notice to Defendants of his intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. To exercise this right, Plaintiffs shall notify Defendants' counsel, Alex Granovsky, Esq., Granovsky & Sundaresh, PLLC, via email at ag@g-s-law.com, of their intent to do so, and Defendants shall have seven (7) calendar days to remedy their default.

9.    If Defendants do not remedy their default within Seven (7) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in Forty-Seven Thousand Dollars and Zero cents ($47,000.00) but less payments completed), plus interest calculated at

2

the now applicable federal post-judgment interest rate from the date the Agreement was executed, less any payments already made by Defendants under said Agreement, against me personally. I also agree to indemnify Plaintiff for all reasonable attorneys' fees and costs, as may be determined by a Court of competent jurisdiction, incurred in connection with any legal proceeding to collect that portion of the Settlement which has not yet been paid.

10.    I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:    New York, New York
          August 14, 2017

                                              Minho Song

                                              MINH SONG

STATE OF NEW YORK        }
                         } S.S.
COUNTY OF _New York_     }

On Aug 14, 2017, before me personally came Minho Song, to me known, and known to me to be the individual described in, and who executed the foregoing document and duly acknowledged to me that he executed the same.

_____
NOTARY

ANA D CORSINO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CO6266767
Qualified in New York County
My Commission Exp. 02/05/2026

3

Dated: _____ New York, New York
_____ Aug 14, 2017

Helen Song

_____

a k a  Yong Sik Song

STATE OF NEW YORK }
                  } S.S.
COUNTY OF _New York_ }

On _August 14_ 2017, before me personally came Helen Song, *a k a  Yong Sik Song* to me known, and known to me to be the individual described in, and who executed the foregoing document and duly acknowledged to me that he executed the same.

_____
NOTARY

ANA D CORSINO
NOTARY PUBLIC-STATE OF NEW YORK
NO. C1C03226737
Qualified in New York County
My Commission Expires 02/05/20

4

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHUN ZHI JIN,

        Plaintiff

        v.

I PLAZA NAIL AND SPA, INC., and I PLAZA
NEW YORK, INC., d/b/a I-PLAZA NAIL & SPA,
IPLAZA SPA, INC., d/b/a SALON M TRIBECA
and SALON M-UPPER WEST and IPLAZA
NORTH MOORE INC., d/b/a PLAZA M and
HELEN SONG and MINHAO SONG,
Individually

        Defendants.

: Civil Action No.: 17 Civ. 3127 (VEC)

---

### DECLARATION OF JUSTIN L. HEIFERMAN

    I, Justin L. Heiferman, declare under penalty of perjury, and pursuant to 28 U.S.C. §

1746, that the following is true and accurate:

1.     I am the owner of Heiferman & Associates, PLLC. This office, along with

    Jacob Aronauer of The Law Offices of Jacob Aronauer, represents Chun Zhi

    Jin ("Plaintiff" or "Mr. Jin") in the above-captioned action.

2.     Mr. Aronauer and I initially met as adversaries against each other on an

    FLSA/NYLL mater. After the conclusion of that case, we began to work with

    each other on new matters. We are also Of Counsel to each other's respective

    law firms.

3.     I make this in support of the FLSA Settlement Agreement in this instant case.

4.     I am personally familiar with the facts discussed herein and attach as exhibits

    hereto true and correct copies of the documents referenced within.

Case 1:17-cv-03127-VEC   Document 23   Filed 09/13/17   Page 25 of 33

5.      On April 28, 2017, Plaintiff filed a Complaint in this action. This lawsuit was
        filed as a FLSA Collective Action.

6.      I received my J.D. from Saint John's Law School in 2005. After law school, I
        consulted for an SEC fraud investigation until 2006 when I joined the Nassau
        County District Attorney's Office Economic Crimes Bureau. In March 2010, I
        left the DA's office to work for the management-side, employment law firm,
        Jackson Lewis in Morristown, New Jersey. I started my own law firm in 2013.
        At that time, I began assisting several Flushing immigration attorneys with
        criminal and civil litigation.

7.      I specialize in employment, immigration and criminal law. While at Jackson
        Lewis, I handled employment litigation in state and federal courts in New
        York, New Jersey, and Pennsylvania. I also handled federal, state and local
        agency investigations in close to ten states. Approximately 10% of my cases
        are wage and hour, 70% immigration and 20% criminal. When I initially
        began my private practice, I primarily advised and defended Flushing based
        employers. After the matter with Mr. Aronauer, we began doing Plaintiff side
        litigation together.

8.      My hourly rate is $300 an hour and my paralegals charge $150 an hour. I
        predominantly use two paralegals who are fluent in Mandarin. One has an
        MBA from the University of Bridgeport. The other just graduated from
        Brooklyn Law School and sat for the July 2017 bar.

9.      Attached hereto is a true and correct copy of the time records kept by
        Heiferman & Associates, PLLC, in connection with this matter.

2

10. In my professional opinion, all of the time billed was necessary. Additionally, it involved a fair amount of document review and translations due to the records that were in Plaintiff's possession, but written in Chinese.

11. Jacob Aronauer, and his staff, also performed work on this case. Mr. Aronauer will be submitting his firm's time through a separate declaration. The number of attorney hours submitted are supported by my records, are reasonable and were necessarily expended on this litigation. Below is a chart representing the hours and hourly rate I am requesting:

| Individual: | Rate: | Total Hours | Totals: |
| --- | --- | --- | --- |
| Justin L. Heiferman | $300 | 15.2 | $4,560.00 |
| Paralegals | $150 | 17.6 | $2,640.00 |
| Total | | | $7,200.00 |

Respectfully submitted,

HEIFERMAN & ASSOCIATES, PLLC
136-20 38th Avenue, Suite 3A1-105
Flushing, NY 11354
718-888-9545

By: /s/ Justin L. Heiferman
Justin L. Heiferman, Esq.

ATTORNEY FOR PLAINTIFF

Dated: August 30, 2017
Flushing, New York

3

# Billable hours template

| Period | From | 20-Apr-17 | | Name |  | Helferman & Associates | | |
|---|---|---|---|---|---|---|---|---|
| | To | 30-Aug-17 | | ID |  | JIN v. PLAZA NAILS ET AL | | |

| Date | Client Name | Start Time | End Time | Working Hour | Rate | O.T Rate | Total | Description |
|---|---|---|---|---|---|---|---|---|
| 04/20/17 | Jin | 1:00 PM | 3:00 PM | 2.0 | $ 300.00 | | $ 600.00 | M/W Client to investigate and prepare pleadings |
| 04/20/17 | Jin | 1:00 PM | 3:00 PM | 2.0 | $ 150.00 | | $ 300.00 | Paralegal/Interpreter client meeting |
| 04/21/17 | Jin | 10:00 AM | 12:15 PM | 2.3 | $ 150.00 | | $ 337.50 | Translation of client work records |
| 04/20/17 | Jin | 1:00 PM | 2:30 PM | 1.5 | $ 300.00 | | $ 450.00 | Review client work records |
| 04/25/17 | Jin | 12:10 PM | 12:40 PM | 0.5 | $ 300.00 | | $ 150.00 | Communicate/E-mail Co-Counsel |
| 04/25/17 | Jin | 3:10 PM | 3:45 PM | 0.6 | $ 300.00 | | $ 175.00 | S/W Co-Counsel |
| 04/26/17 | Jin | 4:30 PM | 5:40 PM | 1.2 | $ 300.00 | | $ 350.00 | M/W Client to prepare pleadings |
| 04/26/17 | Jin | 4:30 PM | 5:40 PM | 1.2 | $ 150.00 | | $ 175.00 | Paralegal/Interpreter client meeting |
| 04/26/17 | Jin | 6:15 PM | 6:42 PM | 0.5 | $ 300.00 | | $ 135.00 | Communicate/E-mail Co-Counsel |
| 04/26/17 | Jin | 9:00 PM | 10:40 PM | 1.7 | $ 300.00 | | $ 500.00 | Review complaint |
| 05/02/17 | Jin | 2:55 PM | 3:10 PM | 0.2 | $ 300.00 | | $ 75.00 | Communicate/E-mail Co-Counsel |
| 05/04/17 | Jin | 3:00 PM | 4:20 PM | 1.3 | $ 150.00 | | $ 200.00 | Paralegal/Interpreter client meeting |
| 05/04/17 | Jin | 4:30 PM | 5:23 PM | 0.9 | $ 150.00 | | $ 132.50 | Paralegal prepare damage estimate and summary |
| 05/04/17 | Jin | 7:30 PM | 7:50 PM | 0.3 | $ 300.00 | | $ 100.00 | Review damage estimate and summary |
| 06/02/17 | Jin | 1:30 PM | 1:40 PM | 0.2 | $ 300.00 | | $ 50.00 | Communicate/E-mail Co-Counsel |
| 06/04/17 | Jin | 4:28 PM | 4:40 PM | 0.2 | $ 300.00 | | $ 60.00 | Communicate/E-mail Co-Counsel |
| 06/05/17 | Jin | 12:02 PM | 12:14 PM | 0.2 | $ 300.00 | | $ 60.00 | Communicate/E-mail Co-Counsel |
| 06/16/17 | Jin | 1:39 PM | 1:56 PM | 0.3 | $ 300.00 | | $ 85.00 | Communicate with Defense Counsel |
| 07/17/17 | Jin | 7:00 PM | 8:15 PM | 1.3 | $ 300.00 | | $ 375.00 | Review mediation statement |
| 07/17/17 | Jin | 11:00 AM | 12:30 PM | 1.5 | $ 150.00 | | $ 225.00 | Paralegal s/w client client regarding mediation |
| 07/17/17 | Jin | 11:00 AM | 12:30 PM | 1.5 | $ 300.00 | | $ 450.00 | Attorney s/w client client regarding mediation |
| 07/19/17 | Jin | 1:00 PM | 2:51 PM | 1.9 | $ 150.00 | | $ 277.50 | Paralegal review and organize tip records |
| 07/19/17 | Jin | 2:54 PM | 2:58 PM | 0.1 | $ 300.00 | | $ 20.00 | Communicate/E-mail Co-Counsel |
| 07/19/17 | Jin | 2:55 PM | 3:10 PM | 0.2 | $ 300.00 | | $ 75.00 | Review tip records |
| 07/20/17 | Jin | 2:55 PM | 3:10 PM | 0.2 | $ 150.00 | | $ 37.50 | Paralegal review and organize tip records |
| 07/20/17 | Jin | 2:55 PM | 3:11 PM | 0.3 | $ 300.00 | | $ 80.00 | M/W Client regarding mediation |
| 07/21/17 | Jin | 8:00 AM | 2:22 PM | 6.4 | $ 150.00 | | $ 955.00 | Paralegal/Interpreter attend mediation |
| 07/21/17 | Jin | 2:55 PM | 3:15 PM | 0.3 | $ 300.00 | | $ 100.00 | Communicate/E-mail Co-Counsel re mediation |
| 07/28/17 | Jin | 2:15 PM | 2:31 PM | 0.3 | $ 300.00 | | $ 80.00 | Review Defense counsel settlement calculation |
| 07/28/17 | Jin | 2:31 PM | 2:37 PM | 0.1 | $ 300.00 | | $ 30.00 | Communicate/E-mail Co-Counsel |
| 08/02/17 | Jin | 6:15 PM | 7:15 PM | 1.0 | $ 300.00 | | $ 300.00 | Review Settlement agreement |
| 08/15/17 | Jin | 4:15 PM | 4:55 PM | 0.7 | $ 300.00 | | $ 200.00 | Revise Settlement agreement |
| 08/15/17 | Jin | 5:11 PM | 5:23 PM | 0.2 | $ 300.00 | | $ 60.00 | Communicate/E-mail Co-Counsel re agreement |
| Subtotal | | | | 32.8 | | | $ 7,200.00 | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHUN ZHI JIN,

      Plaintiff

      v.

I PLAZA NAIL AND SPA, INC., and I PLAZA
NEW YORK, INC., d/b/a I-PLAZA NAIL & SPA,
IPLAZA SPA, INC., d/b/a SALON M TRIBECA
and SALON M-UPPER WEST and IPLAZA
NORTH MOORE INC., d/b/a PLAZA M and
HELEN SONG and MINHAO SONG,
Individually

      Defendants.

: Civil Action No.: 17 Civ. 3127 (VEC)

---

## DECLARATION OF JACOB ARONAUER

I, Jacob Aronauer, declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746,
that the following is true and accurate:

1.     I make this declaration in support of the FLSA Settlement Agreement in this
case.

2.     I am personally familiar with the facts discussed herein and attach as exhibits
hereto true and correct copies of the documents referenced within.

**Background**

3.     I am the owner of The Law Offices of Jacob Aronauer. This office, along with
Justin Heiferman of Heiferman & Associates, PLLC represents Chun Zhi Jin
in the above-captioned action.

4.     Mr. Heiferman initially met as adversaries: we had a case against each other.
At the conclusion of that case, Mr. Heiferman and I began to work with each

other on new matters.    We are also Of Counsel to each other's respective law firms.

5.     I received my J.D. from Suffolk Law School in 2005 and started my law firm in January 2013.

6.     I specialize in employment law.    Approximately 25% of my cases are discrimination based cases and the other 75% are wage and hour cases.

7.     When I initially began my practice in 2013, I only represented individuals. Beginning in 2016, my office began to represent small businesses.  My hourly rate is $295 an hour and my paralegals charge $150 an hour.

**This Matter**

8.     On April 28, 2017, Plaintiff filed a Complaint in this action.   This lawsuit was filed as a FLSA Collective Action.

9.     Attached hereto is a true and correct copy of the time records and expense report kept by The Law Offices of Jacob Aronauer in connection with this matter.

10.    In my professional opinion, all of the time billed was necessary.

11.    Justin Heiferman, and his staff, also performed work on this case.   Mr. Heiferman will be submitting his firm's time through a separate declaration. The number of attorney hours submitted are supported by my records, are reasonable and were necessarily expended on this litigation.

Dated:   August 30, 2017
          New York, New York

THE LAW OFFICES OF JACOB ARONAUER

Jacob Aronauer
225 Broadway, 3rd floor
New York, New York 10007
(212) 323-6980\

3

# Law Offices of Jacob Aronauer

# INVOICE

225 Broadway, Suite 307
New York, New York 10007
United States
Phone: (212) 323-6980

Invoice # 51
Date: 08/30/2017
Due On: 09/29/2017

Chun Zhi Jin

## 00148-Jin

## Chun Zhi Jin v. I Plaza Nail & Spa

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 04/26/2017 | Paralegal Fees - Sian: researched nail salon corporations on TLO; started drafting complaint | 3.25 | $150.00 | $487.50 |
| Service | 04/27/2017 | Paralegal Fees - Sian: worked on complaint | 2.50 | $150.00 | $375.00 |
| Service | 04/28/2017 | Paralegal Fees - Karin: drafted civil cover sheet and summons, sent documents to Albany process server | 2.50 | $150.00 | $375.00 |
| Service | 04/28/2017 | Paralegal Fees - Karin: Served individual defendants with summons and complaint, sent copy of summons and complaint via FedEx, wrote affirmation of service | 1.10 | $150.00 | $165.00 |
| Service | 04/28/2017 | Attorney Fees: Review and edit complaint. | 2.10 | $295.00 | $619.50 |
| Service | 05/01/2017 | Paralegal Fees - Karin: drafted Jin damages spreadsheet | 1.10 | $150.00 | $165.00 |
| Service | 05/08/2017 | Attorney Fees: Draft notice of appearance for Justin. | 0.20 | $295.00 | $59.00 |
| Service | 05/09/2017 | Legal work: E-mail correspondence in re spreadsheet and settlement discussions. Phone call with opposing counsel. | 0.20 | $295.00 | $59.00 |
| Service | 05/10/2017 | Paralegal Fees - Sian: save documents to shared drive; drafting damages spreadsheet | 2.00 | $150.00 | $300.00 |
| Service | 05/10/2017 | Attorney Fees: Review spreadsheet with Sian. | 0.50 | $295.00 | $147.50 |
| Service | 05/10/2017 | Paralegal Fees - Sian: meeting to discuss damages spreadsheet | 0.17 | $150.00 | $25.50 |
| Service | 05/11/2017 | Paralegal Fees - Sian: update damages spreadsheet | 0.23 | $150.00 | $34.50 |
| Service | 05/26/2017 | Attorney Fees: Settlement phone call with opposing counsel. | 0.20 | $295.00 | $59.00 |
| Service | 06/07/2017 | Paralegal Fees - Sharonn: Comparing defendants and clients documents | 1.00 | $150.00 | $150.00 |

| Service | 07/17/2017 | Paralegal Fees - Sian: research re: notice damages | 2.13 | $150.00 | $319.50 |
|---|---|---|---|---|---|
| Service | 07/17/2017 | Paralegal Fees - Sian: draft premediation statement | 0.17 | $150.00 | $25.50 |
| Service | 07/17/2017 | Paralegal Fees - Sian: compare defendants' discovery documents with plaintiff's paystubs | 1.19 | $150.00 | $178.50 |
| Service | 07/17/2017 | Paralegal Fees - Sian: create spreadsheet based on defendants' documents | 0.52 | $150.00 | $78.00 |
| Service | 07/18/2017 | Paralegal Fees - Sian: work on premediation statement | 4.53 | $150.00 | $679.50 |
| Service | 07/18/2017 | Paralegal Fees - Sian: revise damages spreadsheet | 0.44 | $150.00 | $66.00 |
| Service | 07/19/2017 | Paralegal Fees - Sian: work on premediation statement; created and scanned exhibits | 1.80 | $150.00 | $270.00 |
| Service | 07/19/2017 | Attorney Fees: Edits to pre-mediation statement and re-drafting some parts. | 2.10 | $295.00 | $619.50 |
| Service | 07/20/2017 | Attorney Fees: Prepare for mediation. | 0.90 | $295.00 | $265.50 |
| Service | 07/21/2017 | Attorney Fees: Prepare for mediation and actual mediation | 5.40 | $295.00 | $1,593.00 |
| Service | 07/26/2017 | Attorney Fees: Work on settlement agreement and letter to the Court. | 2.11 | $295.00 | $622.45 |
| Service | 08/17/2017 | Attorney Fees: Work on settlement letter to Court. | 0.60 | $295.00 | $177.00 |
| Service | 08/21/2017 | Attorney Fees: Review Court's order. | 0.10 | $295.00 | $29.50 |

Total     $7,945.45

## Detailed Statement of Account

Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 51 | 09/29/2017 | $7,945.45 | $0.00 | $7,945.45 |
| | | | Outstanding Balance | $7,945.45 |
| | | | Total Amount Outstanding | $7,945.45 |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.